IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA,           *
                                    *
                Respondent,         *
                                    *
vs.                                 *       No. 4:08CR00314-06 SWW
                                    *       (No. 4:11CV00244 SWW)
HERIBERTO CHAVEZ JIMENEZ            *
                                    *
                Petitioner.         *

**Memorandum Opinion and Order**

Before the Court is Heriberto Chavez-Jimenez's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner claims his trial counsel, Garry Corrothers, was ineffective for failing to file a notice of appeal and for failing to submit an *Anders* brief. The government responded to the motion, and the Court held an evidentiary hearing on September 23, 2011. The Court concludes, based on the testimony presented during the hearing and the record in this case, that the motion should be denied.

**Background**

Petitioner was indicted on September 3, 2008, for conspiracy to manufacture more than 1000 marijuana plants in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. On January 25, 2010, Chavez-Jimenez pleaded guilty without a plea agreement. Petitioner was sentenced to 120 months imprisonment, five years supervised release, and a $100 assessment fee. Judgment was entered on July 1, 2010. Petitioner did not file an appeal.

On March 16, 2011, petitioner filed a motion pursuant to § 2255, alleging that his counsel was ineffective for failing to file a notice of appeal or, alternatively, failing to submit a brief based on *Anders v. California*, 386 U.S. 738 (1967).

## Discussion

When a defendant alleges that he asked his attorney to file an appeal and he did not, such failure is considered to be deficient *per se* and the defendant is not required to show that a direct appeal would have been successful on appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). If petitioner in fact instructed his counsel to file an appeal, the Court would be compelled to hold counsel's failure to file a notice of appeal constitutes ineffective assistance of counsel. *See Holloway v. United States*, 960 F.2d 1348 (8th Cir. 1992).

Petitioner testified that as soon as the Court told him during his sentencing hearing about his right to appeal, he told Corrothers that he wanted to appeal. Petitioner said Corrothers responded by telling him he worked for the prosecutor. Corrothers testified petitioner did not tell him he wanted to appeal and denied telling petitioner he worked for the prosecutor. Corrothers further testified he did not discuss the right to appeal with petitioner before the sentencing hearing and does not remember whether he discussed an appeal with petitioner after the sentencing.[1] He said he did not remember asking petitioner if he wanted to file an appeal.

The Court finds there is no credible evidence that petitioner asked his counsel to appeal. The record clearly reflects that the Court explained petitioner's appeal rights and petitioner told the Court he understood them. The Court does not believe petitioner's testimony

---

[1]Petitioner and Corrothers testified that when they met to discuss petitioner's case, an interpreter was always present because petitioner speaks only Spanish and Corrothers only speaks Engligh.

that he told his counsel he wanted to appeal or that his counsel responded that he worked for the prosecutor.  There is no evidence that petitioner made any attempt to contact his counsel about an appeal after judgment was entered.[2]

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Flores-Ortega*, 528 U.S. at 480.

The record clearly reflects that during the sentencing hearing Corrothers agreed that he would talk to petitioner about his right to appeal.  As previously stated, Corrothers testified he does not remember whether he did or not.  Petitioner testified that the reason he wanted to file an appeal was to get a shorter sentence.  Petitioner received the mandatory minimum sentence for his offense.  Although he was otherwise eligible for the safety valve that would have resulted in a shorter sentence, petitioner declined to give a safety valve interview, against his counsel's advice.  Petitioner's counsel testified that petitioner's unwillingness to cooperate was his main concern going into the sentencing hearing.  The Court finds that petitioner's counsel might not

---

[2]Petitioner testified he did not write to his former counsel because he lost his address.  He also testified that the language barrier made it difficult for him to communicate.

have remembered whether he discussed an appeal with petitioner because petitioner received the mandatory minimum sentence.

Even if counsel did not consult with him regarding an appeal, the Court finds there was no reason for petitioner's counsel to believe that a rational defendant in petitioner's position would have wanted to appeal. Against counsel's advice, petitioner deprived himself of the safety valve and received the mandatory minimum sentence. Further, there is no credible evidence that petitioner was interested in filing an appeal. The Court therefore finds petitioner's claim of ineffective assistance of counsel as to the issue of failure to appeal is without merit.

**Conclusion**

IT IS THEREFORE ORDERED that the motion for relief pursuant to 28 U.S.C. § 2255 is denied.

DATED this 27th day of September, 2011.


/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE